FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TOAR PUTRA FAJAR
LUMINGKEWAS,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-72207

Agency No. A095-634-589

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Toar Putra Fajar Lumingkewas, a native and citizen of Indonesia, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

We do not address Lumingkewas's arguments regarding the timeliness of his asylum application because the BIA addressed his asylum claim on the merits. Substantial evidence supports the agency's past persecution finding because the stoning of Lumingkewas's church did not constitute persecution, *see id.* at 1059-60 ("discriminatory mistreatment" including two incidents of beating and robbery and being accosted by a hostile mob did not compel a finding of past persecution), and Lumingkewas did not show the government was unable or unwilling to control the men who attacked him on Christmas Eve, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Substantial evidence also supports the agency's finding that Lumingkewas failed to establish a well-founded fear of persecution because, even under disfavored group analysis, he did not demonstrate sufficient individualized risk. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show he was individually targeted or likely to be individually targeted where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Moreover, the record does not compel the conclusion

that there is a pattern or practice of persecution against Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, we deny the petition as to Lumingkewas's asylum claim.

Because Lumingkewas failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Lumingkewas did not challenge the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**